UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JAIRO DE LEON,

Plaintiff,

-against-

UNITED STATES OF AMERICA,

Defendant.
---------------------------------------------------------------------X

COMPLAINT

Civil Action No.:

Plaintiff, **JAIRO DE LEON** by his attorneys, SURIS & ASSOCIATES, P.C., complaining of the Defendant, **UNITED STATES OF AMERICA**, sets forth and alleges, upon information and belief, as follows:

**PARTIES, JURISDICTION AND VENUE**

**1.** This is an action for money damages for personal injuries arising from a slip and fall accident which occurred on Saturday, January 20, 2024, at approximately 2:53 AM, at the subject premises, located at 1000 Westchester Avenue, White Plains, New York 10459, in the County of Westchester, State of New York.

**2.** At all times mentioned herein, there existed a premises at 1000 Westchester Avenue, White Plains, New York 10459, County of Westchester and State of New York. (the **"subject premises"**).

**3.** At all times mentioned herein, there existed a parking lot and loading bay(s) at, about and/or abutting the subject premises (the "parking lot").

**4.** That at all times hereinafter mentioned, including January 20, 2024, Plaintiff, **JAIRO DE LEON**, was, and continues to be, a citizen of the State of New York, residing at 160 Waverly Avenue, White Plains, New York 10543, County of White Plains

**5.** That at all times hereinafter mentioned, including January 20, 2024, the UNITED STATES POSTAL SERVICE ("**USPS**") had an office located in the State of New York at the subject premises.

**6.** This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, §2671, et. seq., and 39 U.S.C. §409.

**7.** That the Defendant, **UNITED STATES OF AMERICA**, (for the actions of an agent, servant and/or employee of the **UNITED STATES POSTAL SERVICE**) is a federal governmental entity amenable to suit in this action pursuant to the Federal Tort Claims Act ("**FTCA**"), 28 U.S.C. §1346, §2671.

**8.** That at all times hereinafter mentioned, the **UNITED STATES POSTAL SERVICE** ("**USPS**") is a Federal governmental agency pursuant to the Federal Tort Claims Act ("**FTCA**"), 28 U.S.C. §1346.

**9.** That at all times hereinafter mentioned, the UNITED STATES POSTAL SERVICE ("**USPS**") is an independent establishment of the executive branch of Defendant, **UNITED STATES OF AMERICA**, pursuant to 39 U.S.C. §201. The USPS is within and included by the FTCA.

**10.** That the United States District Court Eastern District of New York is the proper judicial district pursuant to 28 U.S.C. §1402(b).

**11.** Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(1)(2), as the place wherein a substantial part of the events or omissions giving rise to the claim occurred. This is a personal injury action arising out of a slip and fall accident, wherein all of the sustainable acts or omissions forming the basis of this claim occurred in the Southern District of New York.

**12.** That the Plaintiff has exhausted his administrative remedies, as required by 28 U.S.C. §2675.

**13.** That on or about August 26, 2025, Plaintiff filed an administrative claim with the **UNITED STATES POSTAL SERVICE** pursuant to the Federal Torts claim Act, by filing a Standard Form 95-109, as required by 28 U.S.C. §2675, in addition to a detailed settlement package, which included, among other things, a copy of the photographs in connection with the action, copies of Plaintiff's medical records, and authorizations to receive Plaintiff's employment and medical information.

**14.** That in a letter dated October 28, 2025, **UNITED STATES POSTAL SERVICE** acknowledged receipt of Plaintiff's Standard Form 95-109.

**15.** That on March 2, 2026, Plaintiff's claim was deemed to be denied pursuant to 28 U.S.C. § 2675(a) since **UNITED STATES POSTAL SERVICE** failed to take any action on Plaintiff's claim within six (6) months of the time that Plaintiff's claim was presented.

**16.** That this action was timely filed with the Court within six (6) months from the date that the Plaintiff's claim was deemed to be denied.

**17.** That this action was timely filed since Plaintiff filed an administrative claim with the appropriate federal agency within 2 years of the claim accruing and began this action within 6 months of Plaintiff's claim being deemed denied, as prescribed by 28 U.S.C. §2401(b).

## <u>FACTUAL ALLEGATIONS</u>

(Negligence – United States of America "**UNITED STATES OF AMERICA" and "UNITED STATES POSTAL SERVICE"**)

**18.** Plaintiff, **JAIRO DE LEON**, repeats, reiterates and realleges each and every

allegation contained in paragraphs "1" through "17" of the Complaint, as though the same were more fully set forth at length herein.

**19.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** was an owner of certain premises located at 1000 Westchester Avenue, White Plains, New York 10459, County of Westchester and State of New York. (the **"subject premises"**).

**20.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** was the lessor of subject premises.

**21.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** was the lessee of subject premises.

**22.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** was the property manager of the subject premises.

**23.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** had the duty and/or assumed the duty to properly operate, design, construct, install, inspect, control, supervise, manage, maintain, repair, and/or improve the subject premises.

**24.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA**, breached its duty to properly operate, design, construct, install, inspect, control, supervise, manage, maintain, repair, and/or improve the subject premises.

**25.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** was an owner of the parking lot.

**26.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** was the lessor of the parking lot.

**27.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** was the lessee of the parking lot.

**28.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** was the property manager of the parking lot.

**29.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** had the duty and/or assumed the duty to properly operate, design, construct, install, inspect, control, supervise, manage, maintain, repair, and/or improve the parking lot.

**30.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA**, breached its duty to properly operate, design, construct, install, inspect, control, supervise, manage, maintain, repair, and/or improve the parking lot.

**31.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA**, its agents, servants, employees, contractors and/or subcontractors operated, or was otherwise responsible for the operation of subject premises.

**32.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** breached its duty to properly operate subject premises.

**33.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA**, its agents, servants, employees, contractors and/or subcontractors maintained or was otherwise responsible for the maintenance of subject premises.

**34.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** breached its duty to properly maintain subject premises.

**35.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED**

**STATES OF AMERICA**, its agents, servants, employees, contractors and/or subcontractors managed or was otherwise responsible for the management of subject premises.

**36.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** breached its duty to properly manage subject premises.

**37.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA**, its agents, servants, employees, contractors and/or subcontractors inspected or was otherwise responsible for the inspection of subject premises.

**38.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** breached its duty to properly inspect subject premises.

**39.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA**, its agents, servants, employees, contractors and/or subcontractors repaired and/or improved or was otherwise responsible for the repair and improvements of subject premises.

**40.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** breached its duty to properly repair and/or improve subject premises.

**41.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA**, its agents, servants, employees, contractors and/or subcontractors controlled or was otherwise responsible for the control of subject premises.

**42.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** breached its duty to properly control subject premises.

**43.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA**, had a duty to inspect, properly maintain and make reasonable and necessary repairs to subject premises, including timely and proper snow and ice plowing, salting,

sanding and/or removal at subject premises, to ensure the safety of those persons lawfully thereat, including Plaintiff, **JAIRO DE LEON**, herein.

**44.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA**, breached its duty to inspect, properly maintain and make reasonable and necessary repairs to subject premises, including timely and proper snow and ice plowing, salting, sanding and/or removal at subject premises, to ensure the safety of those persons lawfully thereat, including Plaintiff, **JAIRO DE LEON**, herein.

**45.** At all times mentioned herein, Defendant, **UNITED STATES OF AMERICA**, its agents, servants and/or employees, performed snow and/or ice removal at subject premises.

**46.** At all times relevant hereto, Defendant, **UNITED STATES OF AMERICA**, its agents, failed to properly and/or adequately perform snow and/or ice removal at subject premises.

**47.** At all times mentioned herein, Defendant, **UNITED STATES OF AMERICA**, opened the subject parking lot to the general public, including Plaintiff, **JAIRO DE LEON**, herein.

**48.** That at all times hereinafter mentioned, Defendant, **UNITED STATES OF AMERICA**, had a non-delegable duty to maintain subject parking lot in a reasonably safe condition and free of dangers and hazards to those persons lawfully thereat, including Plaintiff, **JAIRO DE LEON**.

**49.** That at all times hereinafter mentioned, Defendant, **UNITED STATES OF AMERICA**, breached its duty to maintain subject parking lot in a reasonably safe condition and free of dangers and hazards to those persons lawfully thereat, including Plaintiff, **JAIRO DE LEON**.

**50.** That at all times relevant hereto, Plaintiff, **JAIRO DE LEON**, was a lawful guest and invitee at the subject premises.

**51.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED**

**STATES OF AMERICA**, had constructive notice of the existence of the dangerous, hazardous and/or unsafe condition of the parking lot at the subject premises, or in the exercise of due care and on proper inspection could and should have had such knowledge and notice, and that the same has been allowed to exist and remain for a long and unreasonable period of time prior to the subject occurrence.

**52.** Upon information and belief, and at all times relevant hereto, Defendant, **UNITED STATES OF AMERICA** had actual notice of the existence of the dangerous, hazardous and/or unsafe condition of the parking lot at the subject premises.

**53.** That Defendant, **UNITED STATES OF AMERICA**, had actual notice of this defective condition in that this Defendant created the condition and was present on a daily basis prior to the happening of the subject accident.

**54.** On or about January 20, 2024, Plaintiff, **JAIRO DE LEON**, was lawfully at subject premises with the knowledge, permission and consent of Defendant, **UNITED STATES OF AMERICA**.

**55.** That on Tuesday, January 20, 2024, at approximately 2:53 A.M., Plaintiff, **JAIRO DE LEON**, was caused to sustain severe personal injuries when he slipped and fell in the parking lot at subject premises.

**56.** That subject premises, particularly, the parking lot located thereat, contained dangerous, hazardous and traplike conditions, and were improperly designed, installed, inspected, controlled, supervised, maintained, repaired, plowed, shoveled and/or sanded, cleaned and/or improved, all of which should have been known to Defendant, **UNITED STATES OF AMERICA.**

**57.** The subject occurrence was caused solely through the negligence, carelessness and/or

recklessness of Defendant, **UNITED STATES OF AMERICA**, its agents, servants, employees, contractors and/or subcontractors, in the manner in which they owned, operated, designed, installed, maintained, inspected, repaired, plowed, shoveled and/or sanded, improved and/or controlled subject premises, fixtures and/or appurtenances, and without any negligence on the part of Plaintiff, **JAIRO DE LEON**, contributing thereto.

**58.** That by reason of the foregoing, Plaintiff, **JAIRO DE LEON**, suffered serious and protracted personal injuries, some of which are permanent in nature, and was rendered sick, sore, lame and disabled; Plaintiff, **JAIRO DE LEON**, was further caused to suffer great physical pain, discomfort and disability, and, upon information and belief, may continue to suffer pain, discomfort and disability for a long period of time into the future.

**59.** That by reason of the foregoing, Plaintiff, **JAIRO DE LEON**, was caused and subjected to undergo extensive hospital and/or medical care, aid and treatment, and, upon information and belief, may continue to undergo medical care, aid and treatment for a long period of time to come in the future, in an effort to cure himself of his injuries.

**60.** That by reason of the foregoing, Plaintiff, **JAIRO DE LEON,** has incurred large sums and out-of-pocket expenses for medical care, aid, attention and supplies and, upon information and belief, may continue to incur large sums and out-of-pocket expenses, for medical care, aid, treatment and supplies, in an effort to cure himself of his injuries.

**61.** That by reason of the foregoing, the Plaintiff, **JAIRO DE LEON**, has been damaged in a sum of money that exceeds the sum of $10,000,000.00.

**WHEREFORE, the Plaintiff, JAIRO DE LEON, demands judgment against the Defendants, UNITED STATES OF AMERICA, in the amount of TEN MILLION DOLLARS and 00/100 ($10,000,000.00), plus interest thereon from January 20, 2024, until**

**paid, together with the costs, disbursements and attorneys' fees incurred herein, and such other and further relief as the Court deems just and proper.**

**JURY DEMAND**

**WHEREFORE,** Plaintiff demands a trial by jury, pursuant to Rule 38(d) of the Federal Rules of Civil Procedure, on all issues on which it is so entitled.

**Dated: Melville, New York**
**September 1, 2026**

**SURIS & ASSOCIATES, P.C.**

**By:** ______________________________
**RAYMOND J. SURIS, ESQ.**
**Attorneys for Plaintiff**
**JAIRO DE LEON**
**395 North Service Road, Suite 302**
**Melville, New York 11747**
**(631) 423-9700**
**(631) 423-9765 (Fax)**
**brian@surislaw.com**

# ATTORNEY'S VERIFICATION

**STATE OF NEW YORK }**
**COUNTY OF SUFFOLK } ss.:**

I, **RAYMOND J. SURIS, ESQ.** , an attorney admitted to practice law in the Courts of the State of New York, state that I am an associate of SURIS & ASSOCIATES, P.C., attorneys for the Plaintiff, **JAIRO DE LEON**, in the within action; I have read the foregoing **COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe it to be true.

The reason this verification is made by me and not by the Plaintiff is because the Plaintiff is not presently within the County where I maintain my offices.

The grounds for my belief as to all matters not stated upon my own knowledge are as follows: the contents of the file maintained by my office concerning this matter.

I affirm that the foregoing statement are true under the penalties of perjury.

**Dated:** **Melville, New York**
**September 1, 2026**

______________________________
**RAYMOND J. SURIS, ESQ.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**CIVIL ACTION NO.:**

**JAIRO DE LEON,**

**Plaintiff,**

**- against -**

**UNITED STATES OF AMERICA,**

**Defendant.**

## COMPLAINT

**SURIS & ASSOCIATES, P.C.**
***Attorneys for Plaintiff***
**JAIRO DE LEON**
**395 North Service Road, Suite 302**
**Melville, New York 11747**
**(631) 423-9700**
**File No.: 4030494**

**TO:**

**Attorney(s) for Defendant(s)**

## ADMISSION OF SERVICE

Service of a copy of the within is hereby admitted.

Dated: ………………………………………………………………………………………

Attorney(s) for

## NOTICE OF ENTRY

**PLEASE TAKE NOTICE** that the within is a (certified) true copy of an Order duly entered in the office of the Clerk of the within named Court on

Dated:

## NOTICE OF SETTLEMENT

**PLEASE TAKE NOTICE** that an Order, of which the within is a true copy, will be presented for settlement to the Hon. , one of the judges of the within named Court in , New York, on

Dated: